Mr. Chief Justice Johnson delivered the opinion of the Court. The Court clearly had no right to render judgment in this case without the intervention of a jury to try the truth of the breaches and to assess the damages. The act, in relation to judgments upon demurrer, or by confession, or default upon penal bonds, requires that “ the Court shall make an order therein that the truth of the breaches assigned be enquired into, and the damages sustained thereby assessed. And that the judgment in such action shall be entered for the penalty of the bond together with the costs of suit, and that the plaintiff have execution for the damages so assessed.” (See Digest, ch. 120.) In view of the former adjudications of this Court upon the statute in question, we conceive that the point is no longer open to controversy. See Phillips & Martin vs. The Governor, for use, &c., 2 Ark. Rep. 390. Adams et al. vs. The State, use of Wallace, 1 Eng. 497, and Outlaw et al. vs. Yell, Gov., use of Conant & Co., 3 Eng. 345. In respect to the other point presented by the assignment of errors, it is not for us to decide whether it is right or wrong. The record does not expressly nor by necessary implication disclose all the evidence in the cause, nor does it appear that the judgment is for a larger sum than was actually due, exclusive of the 5 per cent, and damages up to the time of its rendition. The legal presumptions, therefore, would be in favor of that part of the judgment, and, consequently, it would not, upon that ground, be reversed. But, as the Court rendered the judgment without the intervention of a jury, it must be reversed, and the cause remanded. The judgment of the Hempstead Circuit Court in this case is, therefore, reversed. Mr. Justice Scott, not sitting.